UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEBRA JACK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-CV-256-JED-PJC |
| ) | |
| TACO BUENO RESTAURANTS, L.P., ) | |
| ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

The Court has for its consideration Defendant Taco Bueno Restaurants, L.P.'s Motion for Summary Judgment (Doc. 21), which seeks summary judgment as to plaintiff's premises liability claim.

### BACKGROUND

On March 22, 2011, plaintiff, Debra Jack, made arrangements to meet Carlos Smith, who is now her husband, for iced tea at the Taco Bueno near 61st Street and South Garnett Road in Broken Arrow, Oklahoma. When she arrived in the Taco Bueno parking lot it was a clear evening and still light outside. Exiting her vehicle, Jack noticed a pothole in the parking lot between her and the entrance of the Taco Bueno. She estimates that the pothole was two feet wide and six inches deep at the center, but shallower near the edges. The pothole contained a mixture of broken-up chunks of concrete and asphalt, which made it stand out against the rest of the otherwise normal parking lot. Ms. Jack saw fit to avoid the pothole and took a path around it on her way into the restaurant.

Having no further business inside the Taco Bueno, Ms. Jack and her companion exited the restaurant and began the short journey to her vehicle. The couple paused on the curb

immediately outside of the restaurant entrance to permit the passing of an automobile which was entering the parking lot. Once the traffic passed, she began walking towards her car. She proceeded four to five feet into the parking lot and unwittingly stepped on the edge of the pothole, falling into it and injuring her elbow, which required three surgeries to repair. Jack maintains that, upon exiting the Taco Bueno, she was distracted by the passing traffic and directed her attention towards the parking lot entrance for any other cars which might have been headed her way. Jack contends that, because of that distraction, she failed to see the pothole on her way to her car.

As a result of the injuries she sustained, Jack sued Taco Bueno Restaurants, L.P. (hereafter, "Taco Bueno") in Tulsa County District Court. The lawsuit was removed to this Court on the basis of diversity jurisdiction (28 U.S.C. § 1332). Taco Bueno now seeks summary judgment as to plaintiff's sole negligence claim.

## SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In considering a summary judgment motion, the courts determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 at 251-52. The evidence of the non-movant is to be taken as true, and all justifiable inferences are to be drawn in non-movant's favor. *Anderson*, 477 U.S. at 255; *see Ribeau v. Katt*, 681 F.3d 1190, 1194 (10th Cir. 2012). "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling

on a motion for summary judgment. . . ." *Anderson*, 477 U.S. at 255. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

"When the moving party has carried its burden under Rule 56[a], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (citations omitted). When the record, taken as a whole, "could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Id*. (quotations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 250. In its review, the Court construes the record in the light most favorable to the party opposing summary judgment. *Garratt v. Walker*, 164 F.3d 1249, 1251 (10th Cir. 1998).

## ANALYSIS

Jack's negligence claim against Taco Bueno is premised upon the duty owed to her by Taco Bueno as an invitee to protect her from hidden dangers on its property. The threshold question in any such negligence action is whether the defendant has a duty to the plaintiff. *Sholer v. ERC Mgmt. Grp., LLC*, 256 P.3d 38, 43 (Okla. 2011), *reh'g denied* (June 30, 2011) (citing *Pickens v. Tulsa Metropolitan Ministry*, 951 P.2d 1079 (Okla. 1997)). As an invitee, Jack was owed the "greatest protection of the three categories" – those being trespasser, licensee, and

3

invitee – but "the landowner need not guard the invitee against dangers so apparent and readily observable that the conditions should be discovered." *Sholer*, 256 P.3d at 43. This has been referred to as the "open and obvious defense." *Id*. In *Sholer*, the Oklahoma Supreme Court elaborated on this defense:

> **A danger need not be totally or partially obscured from vision or withdrawn from sight to be considered hidden. Rather, it may encompass a condition presenting a deceptively innocent appearance of safety, cloaking a reality of danger.** It may also arise from circumstances diverting the plaintiff's attention from the danger. Therefore, not every "observable" condition is "open and obvious" as a matter of law. Whether harm from an open and obvious defect may be actionable depends on an objective due care standard, *i.e.,* whether under similar circumstances a prudent person would be able to see the defect and avoid being injured. **Nevertheless, it is well established in our jurisprudence that, where conflicting evidence is presented on the issue of the open and obvious nature of a defect, the question must be resolved by the trier of fact. What would normally be considered an open and obvious danger may become a latent defect because of the conditions existing at the time of injury.**

*Id*. at 43-44 (emphasis in original; endnotes and citations omitted). "The existence of an open and obvious danger on a defendant's premises ordinarily requires the resolution of disputed factual issues." *Finter v. Wal-Mart Stores E., L.P*., 10-CV-0445-CVE-PJC, 2011 WL 1238432 (N.D. Okla. Mar. 30, 2011); *see also Miller v. David Grace, Inc*., 212 P.3d 1223, 1231 (Okla. 2009) ("the openness and obviousness of the dangerous condition and whether [plaintiff] appreciated those risks are questions for the jury").

Here, it is undisputed that Jack observed the pothole on her way into the Taco Bueno and intentionally avoided it. Taco Bueno argues that this gives her actual knowledge of the pothole, thereby rendering the pothole an open and obvious defect. Jack responds that she was distracted by incoming traffic and that diversion rendered the pothole a latent defect at the time of her injury.

The parties have not cited authority addressing this precise issue (a defect forgotten as a result of distraction), however comment f. to § 343A of the Restatement (Second) of Torts is instructive:

> There are, however, cases in which the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger. . . . Such reason to expect harm to the visitor from known or obvious dangers may arise, for example, where the possessor *has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered*, or fail to protect himself against it.

Restatement (Second) of Torts § 343A (1965) (italics added); *see also Nider v. Republic Parking, Inc.*, 2007 OK CIV APP 95, 169 P.3d 738, 745 (citing comment f. to § 343A with approval). Jack stated that she was distracted by traffic entering the Taco Bueno parking lot, and watching for such traffic thereafter when she stepped into the pothole. (Doc. 21-2, at 94). Carlos Smith's affidavit corroborates Jack's testimony that they were looking for incoming traffic at the time plaintiff stepped into the pothole. While it is a close question, it is foreseeable that a person walking through the parking lot would have some awareness directed towards incoming vehicles given the pothole's proximity to the Taco Bueno parking lot entrance. Taking the facts in the light most favorable to Jack as the non-movant, a genuine dispute of material fact exists as to whether a reasonably prudent person would have been distracted by her concern for traffic and forgotten about the existence of the pothole. Thus, the Court cannot say, as a matter of law, that Taco Bueno owed Jack no duty. As such, summary judgment must be denied as to Jack's claim. *See Sholer*, 256 P.3d at 44.

**IT IS THEREFORE ORDERED** that Defendant Taco Bueno Restaurants, L.P.'s Motion for Summary Judgment (Doc. 21) is **denied**.

**IT IS FURTHER ORDERED** that the pretrial conference currently scheduled for August 29, 2013 is hereby moved to September 6, 2013 at 10:30 a.m. due to a scheduling conflict.

**SO ORDERED** this 13th day of June, 2013.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE